UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re:<br><br>LESLIE A. ACEVEDO<br><br>Debtor | ) ) ) ) ) ) ) ) | Chapter 11<br>Case No. 10-43723-MSH |
| LESLIE A. ACEVEDO<br><br>Plaintiff<br><br>v.<br><br>WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-FXD1 ASSET-BACKED CERTIFICATES, SERIES 2007-FXD1, SPECIALIZED LOAN SERVICING LLC, AND SPECIALIZED ASSET MANAGEMENT, LLC<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adversary Proceeding<br>No. 11-04129 |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS ADVERSARY PROCEEDING**

Defendants Wells Fargo Bank, N.A., as trustee for Option One Mortgage Loan Trust 2007-FXD1 Asset-Backed Certificates, Series 2007-FXD1 ("Wells Fargo"), Specialized Loan Servicing LLC ("SLS") and Specialized Asset Management, LLC ("SAM") move to dismiss the complaint filed in this adversary proceeding by Leslie A. Acevedo, the debtor in the main case. The defendants argue that Ms. Acevedo's complaint should be dismissed because the doctrine of collateral estoppel precludes her from litigating certain issues decided in an earlier adversary

1

proceeding, namely, the extent of Wells Fargo's security interest in Ms. Acevedo's real property and the validity of its foreclosure sale of that property. Ms. Acevedo opposes the motion asserting that collateral estoppel is inapplicable because those issues were not fully litigated in the prior adversary proceeding. For the reasons discussed below, the defendants' motion will be granted as to all but one of the counts in Ms. Acevedo's complaint.

I. Background

Ms. Acevedo filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (which is title 11 of the United States Code) in this court on July 26, 2010. According to schedule A (real property) of the schedules of assets and liabilities accompanying her petition, Ms. Acevedo owned a multi-family dwelling located at 13 Thenius Street in Worcester, Massachusetts. She listed Wells Fargo on schedule D (creditors holding secured claims) as having a $347,549.09 claim secured by a mortgage on the Thenius Street property. On October 10, 2011, Wells Fargo filed an amended proof of claim in Ms. Acevedo's case, claiming that she owed it $293,796.57 under the note secured by the mortgage on the Thenius Street property. Ms. Acevedo filed an objection to this claim. On October 19, 2010, Ms. Acevedo commenced the first of two adversary proceedings against Wells Fargo. In the first action, she sought rescission of Wells Fargo's loan and the extinguishing of Wells Fargo's mortgage on the Thenius Street property.[1]

---

[1] A more detailed description of Ms. Acevedo's claims can be found in the court's memorandum of decision on Wells Fargo's motion for summary judgment in the first adversary proceeding. *See* Mem. of Decision on Def.'s Mot. Summ. J., Acevedo v. Wells Fargo Bank, N.A., No. 10-04145 (Bankr. D. Mass. Aug. 7, 2012).

2

On May 4, 2011, Wells Fargo filed a motion for relief from the automatic stay provisions of Bankruptcy Code § 362 in the main case so that it could foreclose its mortgage and exercise its rights in the Thenius Street property. Ms. Acevedo failed to oppose the motion and as a result, on May 19, 2011, the motion was granted. Wells Fargo ultimately foreclosed its mortgage on the Thenius Street property and purchased it at an August 18, 2011, foreclosure sale.

On October 4, 2011, while the first adversary proceeding was pending, Ms. Acevedo commenced this second adversary proceeding against Wells Fargo. Count III of her four-count complaint asserted that the foreclosure sale conducted by Wells Fargo was void and requested that it be set aside. By order of August 7, 2012, count III of Ms. Acevedo's complaint in this adversary proceeding was consolidated with her complaint in the first. Also, Ms. Acevedo's objection to Wells Fargo's amended proof of claim was likewise consolidated with the first adversary proceeding because it involved the same claims as those raised in the first adversary proceeding.

The remaining counts of her complaint in this second adversary proceeding involved two new defendants[2]—SLS and SAM, the former being Wells Fargo's loan servicer and the latter its property manager. In count I, Ms. Acevedo asserted that SLS had violated the automatic stay and intentionally interfered with the advantageous contractual relationship between her and the insurer of the Thenius Street property when SLS sent the insurer a post-foreclosure letter cancelling her insurance policy and requesting payment to SLS of any unearned premiums. In count II she claimed that SAM had interfered with her property rights and those of her tenants by

---

[2] Pedro Gonzalez, Jeanette Reyes, Heriberto Reyes and Jose Martinez were dismissed as defendants in the second adversary proceeding after Ms. Acevedo failed to respond to an order to show cause as to why they were proper defendants.

3

entering the Thenius Street property, seeking to enter individual units, notifying the tenants of SAM's role as property manager and seeking to collect rent directly from tenants. In count IV, Ms. Acevedo asserted that through its conduct SAM had interfered with her advantageous contractual relationships with her tenants. After a September 25, 2013, joint status conference in the two adversary proceedings, I entered an order holding in abeyance a trial in the second adversary proceeding pending the outcome of the first.

A three-day trial in the first adversary proceeding was scheduled but never held. When Ms. Acevedo failed to file a joint pretrial memorandum after being granted an extension of time to do so—one of many extensions and delays brought on by the conduct of Ms. Acevedo and her counsel—she and her counsel were ordered to show cause why the first adversary proceeding should not be dismissed. After failing to appear at the show cause hearing, the first adversary proceeding was dismissed on May 8, 2014, as a sanction for the conduct of Ms. Acevedo and her counsel.[3]

The dismissal of the first adversary proceeding remains final. I denied a motion for reconsideration of the order of dismissal and the Bankruptcy Appellate Panel for the First Circuit dismissed a subsequent appeal.

---

[3] The first adversary proceeding had been pending for over three-and-a-half years by the time it was dismissed. Ms. Acevedo had been denied a request for extension of discovery and other deadlines a year into the proceeding, having "done virtually nothing to advance her claims" and having "not propounded any discovery nor . . . noticed any depositions." Def.'s Opp'n to Pl.'s Mot. to Extend Disc. Deadlines ¶ 4. Her requests for further discovery were denied and a trial was finally scheduled. A joint motion to continue the trial was granted and a new deadline for filing a joint pretrial memorandum was set after the parties requested additional time to discuss an out-of-court resolution. When settlement talks apparently broke down, the court granted Ms. Acevedo yet another extension to file the joint pretrial memorandum. The first adversary proceeding was dismissed only after Ms. Acevedo and her counsel failed to comply with both that order and the resulting order to show cause.

After the dismissal of the first adversary proceeding, the stay in the second adversary proceeding was lifted. Thereupon Wells Fargo and the other defendants filed the present motion to dismiss. After a hearing, the motion was taken under advisement.

II.     Positions of the Parties

Wells Fargo, SLS and SAM argue that the complaint in this second adversary proceeding should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7026,[4] because it fails to state claims for which relief may be granted. The defendants believe that Ms. Acevedo's three remaining claims fail because the dismissal of the first adversary proceeding collaterally estops her from re-litigating issues disposed of in that proceeding. They believe that "whether the foreclosure was valid or whether Wells Fargo as Trustee had a valid security interest in the [p]roperty prior to foreclosure" were issues already decided in Wells Fargo's favor in the first adversary proceeding. Because of this they argue that the three post-foreclosure derivative claims against SAM and SLS "are futile and fail to state a claim [sic] for relief."

In opposing the motion Ms. Acevedo asserts that she is not precluded from challenging the validity of Wells Fargo's mortgage and foreclosure sale because the first adversary proceeding was dismissed by a default judgment. Maintaining that such issues were not actually litigated, Ms. Acevedo argues that she has viable claims against SAM and SLS for post-foreclosure conduct not addressed in the first adversary proceeding complaint. Ms. Acevedo also suggests that the defendants' motion to dismiss should be treated as a motion for summary

---

[4] Later references to "Rule(s)" and "Bankruptcy Rule(s)" will refer to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, respectively.

5

judgment under Rule 56 pursuant to Rule 12(d) (made applicable by Bankruptcy Rules 7056 and 7012(b), respectively).

III. <u>Discussion</u>

A ruling on Ms. Acevedo's motion will require an analysis of the doctrine of collateral estoppel as it applies to the issues raised in the first adversary proceeding, as well as a determination of whether Ms. Acevedo's complaint in this second adversary proceeding fails to state claims for which relief may be granted.

    a. <u>Collateral Estoppel</u>

Collateral estoppel, also referred to as issue preclusion, is a common law doctrine that bars re-litigating issues already decided in a judicial proceeding. *Manganella v. Evanston Ins. Co.*, 700 F.3d 585, 591 (1st Cir. 2012). In determining whether issue preclusion applies with respect to an earlier bankruptcy proceeding, a bankruptcy court looks to federal law. *Kane v. Town of Harpswell (In re Kane)*, 254 F.3d 325, 328 (1st Cir. 2001). A party seeking to invoke the doctrine of collateral estoppel must establish four elements:

> (1) the issue sought to be precluded must be the same as that involved in the prior action;
> (2) the issue must have been actually litigated;
> (3) the issue must have been determined by a valid and binding final judgment; and
> (4) the determination of the issue must have been essential to the judgment.

*Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 30 (1st Cir. 1994). If the party against whom collateral estoppel is sought had a full and fair opportunity to litigate certain issues, whether they are factual or legal, that party cannot re-litigate those issues in a subsequent suit. *Manganella*, 700 F.3d at 591. Collateral estoppel "can apply even where the subsequent proceeding involves a cause of action different from the first." *Id.*

6

I agree with the defendants that collateral estoppel prevents Ms. Acevedo from attempting to re-litigate the extent of Wells Fargo's mortgage on the Thenius Street property and whether its foreclosure of the mortgage was valid. All four of the elements of the doctrine of collateral estoppel are present here. First, these issues are the same issues already disposed of in the first adversary proceeding. In that proceeding, Ms. Acevedo challenged both the validity of Wells Fargo's mortgage on the Thenius Street property and, by consolidation of count III of her complaint here with her complaint in the first adversary proceeding, the validity of the foreclosure sale. Those issues were determined by a final and binding judgment, thus satisfying the third element of the doctrine of collateral estoppel.

As for the doctrine's actual litigation requirement, the record shows that Ms. Acevedo had a full and fair opportunity to litigate her claims in the first adversary proceeding. Courts generally do not apply collateral estoppel if the issue sought to be precluded was not actually litigated in the prior proceeding. *See Backlund v. Stanley-Snow (In re Stanley-Snow)*, 405 B.R. 11, 19 (B.A.P. 1st Cir. 2009). This typically occurs when a default judgment is entered against a party without that party having had the opportunity to actively engage in litigation. *See id.* at 19 (discussing "actual litigation" requirement of collateral estoppel); *Birch Hollow, LLC v. Tardugno (In re Tardugno)*, 510 B.R. 12, 19 (Bankr. D. Mass. 2014) (noting that "the party who is estopped must have a 'full and fair opportunity to litigate the issue in the first action'"); *O'Neal Steel, Inc. v. Chatkin (In re Chatkin)*, 465 B.R. 54, 65 (Bankr. W.D. Pa. 2012) (explaining that the "general rule applies to a 'typical' default judgment where a defendant does not participate because of the inconvenience of the forum selected or the expense of defending the lawsuit"). However, when the party opposing the application of collateral estoppel has

7

actively or substantially participated in litigating the issues sought to be precluded, even when the matter ultimately ends in a default judgment, collateral estoppel may apply. *See In re Stanley-Snow*, 405 B.R. at 19. Courts view this as an exception to the requirement of actual litigation, although it could just as easily be described as an expansion of the requirement. "Cases applying the exception to the 'actually litigated' requirement typically involve extensive participation, abuse of process, or a combination thereof in the prior proceeding." *See Shephard v. O'Quinn (In re O'Quinn)*, 401 B.R. 739, 744 (Bankr. M.D.N.C. 2009). Courts thus have applied collateral estoppel when the party opposing such application participated in the prior proceeding for many months, engaged in discovery, filed various pleadings or was sanctioned for conduct in a way that disposed of the initial proceeding. *See In re Daniels*, No. 09-10758, 2013 Bankr. LEXIS 682, at *14 (Bankr. S.D. Fl. Feb. 21, 2013) (implying that the exception to the actually litigated requirement of collateral estoppel applied when "there [was] no question that [the defaulting party] was fully involved" in litigation and thus that party's default "was apparently due to lack of diligence [and not] lack of notice"); *In re Chatkin*, 465 B.R. at 65 (stating that "[a]n exception to [the] general rule exists where the defendant participates extensively in the lawsuit but deliberately prevents a resolution of it and a default judgment is entered against it as a sanction for refusing to comply with valid court orders"); *In re O'Quinn*, 401 B.R. at 744–45 (summarizing a number of cases applying the exception to the actually litigated requirement).

The record in the first adversary proceeding reflects that its dismissal was not the result of a run-of-the-mill no-show default judgment process. Instead, it was the culmination of a three-and-a-half year proceeding in which Ms. Acevedo, as *plaintiff*, actively and substantially

8

participated. Ms. Acevedo filed a complaint, an opposition to a motion for summary judgment and various other pleadings over the course of many months. The court held no less than five hearings or status conferences and granted both parties many deadline extensions and continuances. After multiple extensions, a three day trial was scheduled. That no trial occurred and judgment entered in favor of the defendants as a sanction does not alter the fact that Ms. Acevedo substantially participated in the first adversary proceeding. Indeed, the sanction only provides further support for satisfaction of the actually litigated requirement. *See In re O'Quinn*, 401 B.R. at 744 (noting that courts have applied the exception to the actually litigated requirement when the prior proceeding involves "abuse of process"); *see also Lady Iris Corp. v. Docteroff (In re Docteroff)*, 133 F.3d 210, 215 (3d Cir. 1997) (affirming bankruptcy court's application of collateral estoppel because the actually litigated requirement was met when default judgment entered in prior case as a sanction for the defendant's conduct); *Melnor, Inc. v. Corey (In re Corey)*, 394 B.R. 519, 522–25 (B.A.P. 10th Cir. 2008) (affirming bankruptcy court's application of collateral estoppel when default judgment entered against debtor who participated in prior litigation for over a year but failed to appear at a hearing and trial and was therefore sanctioned for "a course of obstructive behavior . . . which has effectively prevented the court from proceeding to the merits of the underlying dispute"); *D'Amour v. Birchall (In re Birchall)*, 501 B.R. 142, 146, 149 (Bankr. D. Mass. 2013) (applying collateral estoppel to state court default judgment entered as a sanction for debtor's refusal to comply with discovery requests and court orders when debtor actively participated in litigation pending for over four years).

    Finally, the defendants have satisfied the fourth element of the doctrine of collateral estoppel because issues as to the extent of Wells Fargo's mortgage on the Thenius Street

9

property and the validity of its foreclosure of that mortgage were the essence of Ms. Acevedo's claims in the first adversary proceeding. *See In re Ricciardo*, 488 B.R. 11, 19 (Bankr. D. Mass. 2013) (stating that an "issue decided in the prior adjudication was essential to the judgment therein [because] it is precisely the issue as to which a declaratory judgment was sought—not only essential but of the essence"); *see also In re Docteroff*, 133 F.3d at 215 (finding that issues were essential to a prior judgment because they were "encompassed by the allegations made in the complaint"); *In re Birchall*, 502 B.R. at 150 (concluding that, because certain issues "were the only basis alleged to support . . . claims" disposed of by default judgment in prior case, they were essential to the judgment).

The four prerequisites for invoking collateral estoppel having been established, Ms. Acevedo is precluded from re-litigating her claims related to Wells Fargo's mortgage on the Thenius Street property and the validity of its foreclosure of that mortgage.

    b. <u>Failure to State a Claim</u>

Because Ms. Acevedo is collaterally estopped from challenging Wells Fargo's mortgage on the Thenius Street property and the validity of its foreclosure sale, the court must consider the effect this has on the three remaining counts of her complaint.

In evaluating the defendants' motion to dismiss for failure to state a claim, the court must determine whether the complaint contains sufficient facts, accepted as true and read in the light most favorable to Ms. Acevedo, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Rederford v. U.S. Airways, Inc.,* 589 F.3d 30, 35 (1st Cir. 2009). The court may take into account not only the complaint, but any "documents incorporated by reference and matters of public

10

record subject to judicial notice" in order to rule on the motion. *Caesars Mass. Mgmt. Co. v. Crosby*, No. 14-1681, 2015 U.S. App. LEXIS 2296, at *3 (1st Cir. Feb. 13, 2015).

     Ms. Acevedo asserts that the defendants' motion cannot be evaluated under Rule 12(b)(6) because they have already filed an answer to her complaint. She suggests that I follow Rule 12(d) and apply a Rule 56 summary judgment standard to this dispute. But Rule 12(d) requires me to treat a Rule 12(b)(6) motion as one for summary judgment only if "matters outside the pleadings are presented to and not excluded by the court." Because I need only consider the complaint and the record in the main case and in the first adversary proceeding in order to rule on the motion to dismiss, it is not necessary to convert the defendants' Rule 12(b)(6) motion into one seeking summary judgment. *See Banco Santander de Puerto Rico v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.)*, 324 F.3d 12, 20 (1st Cir. 2003) (Motions to dismiss "may be employed when the complaint, the documents incorporated by reference in it, matters of public record, and other matters susceptible to judicial notice coalesce to show beyond doubt that an action is barred . . . by a prior adjudication."); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) ("[T]he bankruptcy court appropriately took judicial notice of its own docket . . . ."); *Yancey v. Gray & End Assocs.*, No. 08C0741, 2009 U.S. Dist. LEXIS 23071, at *4 n.3 (E.D. Wis. Mar. 23, 2009) ("Technically, issue preclusion is an affirmative defense and thus not normally grounds for dismissing a complaint. However, where it is clear that an affirmative defense will defeat a claim and that no amendment to the pleadings could save it, a court may take the short-cut of dismissing the complaint under Fed. R. Civ. P. 12(b)(6).")

11

Because the defendants have already filed their answer, however, I will treat the defendants' motion to dismiss as a Rule 12(c) motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c) (stating that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings"); Fed. R. Civ. P. 12(h)(2) (explaining that the defense of failure to state a claim upon which relief can be granted can be raised by a Rule 12(c) motion); *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54, (1st Cir. 2006) (explaining that "[b]ecause the defendants previously had answered the . . . complaint, the . . . court appropriately treated their motion to dismiss as one for judgment on the pleadings"). This procedural classification does not change the standard by which the claims contained in Ms. Acevedo's complaint are evaluated. *See Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008) ("[We] will affirm a dismissal or judgment on the pleadings if the complaint fails to state facts sufficient to establish a claim for relief that is plausible on its face.") (internal quotation marks omitted).

Applying the foregoing standards leads me to conclude that judgment should enter in favor of the defendants on counts II and IV of Ms. Acevedo's complaint. Ms. Acevedo alleges in count IV that SLS interfered with her advantageous contractual relationship with her tenants by sending them notices stating that they should pay rent to SLS. She then asserts in count II that SAM interfered with her property rights and those of her tenants by entering the Thenius Street property, seeking to enter individual units, notifying the tenants of SAM's role as property manager, and seeking to collect rent. These claims exist, if at all, only insofar as Ms. Acevedo can establish the invalidity of the foreclosure sale which resulted in SLS's and SAM's coming on the scene. But as has been previously determined, Ms. Acevedo is estopped from challenging the

12

validity of the foreclosure sale. Counts II and IV, therefore, do not state plausible claims for relief. *Cf. R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178 (1st Cir. 2006) (affirming district court's judgment on the pleadings when party was barred from raising certain claims because *res judicata* applied to state court default judgment).

In count I of her complaint, Ms. Acevedo alleges that SLS violated the automatic stay in effect as a result of her bankruptcy by sending a post-foreclosure letter to her insurance carrier. The letter, a copy of which is attached as Exhibit 8 to her complaint, asks the insurer to cancel coverage and "return any unearned premium to [SLS]." Ms. Acevedo claims that by sending this letter, SLS sought to obtain the premium refund, which constituted property of her bankruptcy estate. This Ms. Acevedo contends violated the automatic stay provisions of Bankruptcy Code § 362. Because she paid the insurance premiums with her own post-petition assets, Ms. Acevedo claims SLS's conduct was not protected by the stay relief granted to Wells Fargo in the main case. She also claims that such action violated Mass. Gen. Laws ch. 93A. Viewing the facts in a light most favorable to Ms. Acevedo, it is plausible that SLS may have violated the automatic stay and thus count I of her complaint will not be dismissed.

IV.  Conclusion

For the reasons stated above, the defendants' motion to dismiss will be granted as to counts II and IV of Ms. Acevedo's complaint and denied as to count I. A separate order shall issue.

Dated: April 21, 2015

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Laird J. Heal, Esq.
Worcester, MA
for the plaintiff

Hale Yazicioglu, Esq.
Hinshaw & Culbertson LLP
Boston, MA
for the defendants

14